IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAHMIR ASHLEY-BOYD,<br>   Plaintiff<br><br>v.<br><br>MONROE COUNTY CORRECTIONAL FACILITY, *et al.*,<br>   Defendants | No. 3:23-CV-1864<br><br>(Judge Munley) |

## MEMORANDUM

Plaintiff Jahmir Ashley-Boyd initiated the above-captioned *pro se* civil action under 42 U.S.C. § 1983,[1] alleging constitutional violations by officials at Monroe County Correctional Facility (MCCF), in Stroudsburg, Pennsylvania. Presently pending is Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56. Ashley-Boyd has not opposed Defendants' Rule 56 motion in any way. The court, therefore, will grant Defendants' motion.

## I. BACKGROUND

In his complaint, Ashley-Boyd alleged that while he was housed at MCCF, the facility was experiencing plumbing issues that created unsanitary conditions of confinement from approximately October 6 to October 9, 2023. (Doc. 1 at 1,

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

3-4, 6-8). Specifically, Ashley-Boyd maintained that for four days, the toilets were not working in the area of the prison where he was confined, resulting in a back-up of human waste, foul smells, and no place for inmates to urinate or defecate. (Id. at 6-7). He alleged that, although he had informed numerous prison officials of these unsanitary and "inhumane living conditions," nothing was done to rectify them. (Id.)

Ashley-Boyd named as defendants seven MCCF officials and the county correctional facility itself.[2] (Id. at 1-2). He sought compensatory and punitive damages, as well as various forms of injunctive relief. (Id. at 4, 9).

Defendants answered Ashley-Boyd's complaint. (Doc. 11). They now move for summary judgment under Federal Rule of Civil Procedure 56. (Doc. 17). Ashley-Boyd has not opposed this motion in any way, and the time for doing so has passed. Defendants' unopposed Rule 56 motion, therefore, is ripe for disposition.

## II.  STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary judgment is appropriate where

---

[2] The court subsequently dismissed MCCF pursuant to 28 U.S.C. § 1915A(b)(1). (See Doc. 13 ¶ 7 & n.1).

"the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 262 (3d Cir. 2010) (quoting Clark v. Modern Grp. Ltd., 9 F.3d 321, 326 (3d Cir. 1993)).

At the Rule 56 stage, the court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor." Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014). This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue. Liberty Lobby, 477 U.S. at 250-57; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]." Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 192 (3d Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 252)

3

(alteration in original). Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party. Daubert v. NRA Grp., LLC, 861 F.3d 382, 391 (3d Cir. 2017) (quoting Berckeley Inv. Grp. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006)).

## III.   DISCUSSION[3]

Defendants assert that during the period discussed in the complaint, Ashley-Boyd was both a pretrial detainee and a convicted prisoner, as he pled guilty to several offenses on October 13, 2023. (Doc. 18 ¶¶ 4-6). Defendants fail to mention that Ashley-Boyd was also *sentenced* that same day, which is equally material to his custody status. See Commonwealth v. Ashley-Boyd, No. CP-45-CR-0003055-2021, at pp. 1, 29 (Pa. Ct. Com. Pl. Monroe Cnty.); Bistrian v. Levi, 696 F.3d 352, 367 & n.6 (3d Cir. 2012) ("The Cruel and Unusual Punishments Clause . . . does not apply until an inmate has been both convicted of and sentenced for his crimes." (citing Graham v. Connor, 490 U.S. 386, 392 n.6 (1989); Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005)), abrogated on other grounds as stated by Mack v. Yost, 968 F.3d 311, 319 n.7 (3d Cir. 2020).

---

[3] Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Defendants properly filed their statement of facts, (Doc. 18), but Ashley-Boyd failed to respond to that statement. Thus, the court will deem admitted the facts in Defendants' Rule 56.1 statement. See LOCAL RULE OF COURT 56.1.

4

Thus, from the time he entered MCCF until he was convicted and sentenced on October 13, 2023, Ashley-Boyd was a pretrial detainee. Following his guilty plea and sentencing on October 13, he was a convicted and sentenced state prisoner. Defendants contend that regardless of whether Ashley-Boyd was a pretrial detainee or a convicted and sentenced prisoner, he cannot establish a constitutional violation. The court agrees that Ashley-Boyd has not carried his Rule 56 burden.

### A.   Failure to Oppose Rule 56 Motion

Initially, Ashley-Boyd has failed to carry his burden at summary judgment because he has not opposed Defendants' Rule 56 motion in any way. He has not identified any record evidence that would rebut Defendants' contention (and supporting evidence) that no condition of confinement was punitive and that no prison official was deliberately indifferent to his health or safety. Ashley-Boyd has not, for example, pointed to a declaration or affidavit, witness statement, documentary support, or any other evidence that could sustain a verdict in his favor. In fact, Ashley-Boyd has not even responded to Defendants' Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion is deemed unopposed. *See* LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

5

At summary judgment, "the non-moving party *must oppose the motion* and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288-89 (3d Cir. 2018) (alteration omitted) (emphasis added) (quoting D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 268-69 (3d Cir. 2014)). Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment. FED. R. CIV. P. 56(c)(3).

No materials have been provided or cited by Ashley-Boyd in opposition to Defendants' Rule 56 motion. Thus, because Ashley-Boyd has failed to establish that there is a genuine dispute of material fact by failing to oppose Defendants' Rule 56 motion, the court must grant judgment in Defendants' favor.

**B.    Merits of Section 1983 Claims**

A second reason that summary judgment must be granted is that, upon consideration of the Rule 56 record, there is no evidence that would sustain a verdict in Ashley-Boyd's favor on his conditions-of-confinement claim.

According to Ashley-Boyd, the purported unsanitary conditions occurred from October 6 to October 9, 2023 (prior to his guilty plea and sentencing). His Section 1983 claim thus implicates the Due Process Clause of the Fourteenth

6

Amendment because he was a pretrial detainee at the relevant time. See Jacobs v. Cumberland Cnty., 8 F.4th 187, 193-94 (3d Cir. 2021); Thomas v. Cumberland Cnty., 749 F.3d 217, 223 n.4 (3d Cir. 2014); Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005) (Hubbard I); see also Paulino v. Burlington Cnty. Jail, 438 F. App'x 106 (3d Cir. 2011) (nonprecedential) (explaining that "sentenced prisoners are protected from punishment that is 'cruel and unusual,' while pretrial detainees are protected from any punishment" (citing Hubbard I, 399 F.3d at 166-67)).

When a pretrial detainee asserts a conditions-of-confinement claim, the Due Process Clause of the Fourteenth Amendment requires courts to consider "first, whether any legitimate purposes are served by the[] conditions, and second, whether the[] conditions are rationally related to these purposes." See Hubbard v. Taylor, 538 F.3d 229, 232 (3d Cir. 2008) (Hubbard II) (quoting Union Cnty. Jail Inmates v. Di Buono, 713 F.2d 984, 992 (3d Cir. 1983)). If pretrial detainees are subjected to conditions that are not reasonably related to a legitimate governmental objective, an inference may be made that the purpose of the prison official's action is punishment. Hope v. Warden York Cnty. Prison, 972 F.3d 310, 326 (3d Cir. 2020). Thus, "a particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related

7

to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007) (quoting Rapier v. Harris, 172 F.3d 999, 1005 (7th Cir. 1999)).

As the Third Circuit instructs, courts confronted with a Fourteenth Amendment conditions-of-confinement claim must "consider the totality of the circumstances of confinement." Hope, 972 F.3d at 326 (citing Hubbard I, 399 F.3d at 159-60). And, like an Eighth Amendment conditions-of-confinement claim asserted by a convicted prisoner, a Fourteenth Amendment conditions-of-confinement claim by a pretrial detainee requires a showing of deliberate indifference on the part of prison officials. Edwards v. Northampton Cnty., 663 F. App'x 132, 135 (3d Cir. 2016) (nonprecedential) (citing Colburn v. Upper Darby Twp., 946 F.2d 1017, 1024 (3d Cir. 1991)).

Here, Defendants have proffered evidence that the plumbing problems were affecting the whole housing unit and were not intended as punishment for any particular detainees or prisoners. (Doc. 18 ¶¶ 7-10; Doc. 18-1 at 8 ¶ 14). According to the warden, the plumbing issues lasted only two days and, during this time, detainees and inmates had access to potable water and other toilet facilities outside of their cells. (Doc. 18 ¶¶ 9, 11). Moreover, the unit officer immediately put in a work order to have the plumbing problems addressed by maintenance. (Doc. 18-1 at 8 ¶ 15). Thus, Defendants have provided evidence

8

that the conditions were not punitive in nature and that prison officials acted reasonably in response to the complaints of those in custody.

Ashley-Boyd has not identified or proffered countervailing evidence that would show that the unsanitary conditions were punitive or that any named Defendant acted with deliberate indifference toward the alleged conditions. Without such evidence, Ashley-Boyd cannot proceed beyond the Rule 56 stage and take his conditions-of-confinement claim to trial. So even if the court were to reach the merits of his Section 1983 claim (despite his failure to oppose the instant Rule 56 motion), Defendants' motion for summary judgment would still be granted.

Finally, the court notes that it is possible that Ashley-Boyd's complaint could be construed as raising a First Amendment retaliation claim. (See Doc. 1 at 8 (alleging that he was "retaliated against" for lodging complaints about the conditions of confinement)). This single sentence, however, is insufficient to plausibly plead a retaliation claim, as it is merely a legal conclusion. See Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (citation omitted). Even assuming Ashley-Boyd's complaint could be liberally construed as plausibly asserting a First Amendment retaliation claim, it is undisputed that this claim—like his conditions-of-confinement claim—was not administratively exhausted. (See Doc. 18 ¶¶ 20-25; Doc. 18-1 at 6-7 ¶¶ 1-8).

9

## IV. CONCLUSION

Based on the foregoing, the court will grant Defendants' unopposed motion for summary judgment under Federal Rule of Civil Procedure 56. An appropriate Order follows.

Date: 9/11/24

BY THE COURT:

*/s/ Julia K. Munley*

JUDGE JULIA K. MUNLEY
United States District Court